# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| WELLNEXT LLC, and RAINBOW LIGHT NUTRITIONAL SYSTEMS, LLC, | : : | Case No. _____ |
| | : | |
| Plaintiffs, | : | COMPLAINT FOR DAMAGES, |
| v. | : | INJUNCTIVE AND OTHER RELIEF |
| | : | FOR VIOLATIONS OF 15 U.S.C. |
| OVM LLC, YAKOV MEYER FIGA, and | : | § 1114; 15 U.S.C. § 1125(a); 15 U.S.C. |
| JOHN DOES 1-100, individually or as | : | § 1125(c); FLA. STAT. § 501.204; |
| corporate/business entities, | : | TORTIOUS INTERFERENCE; AND |
| | : | RELATED CLAIMS; AND JURY |
| Defendants. | : | DEMAND |
| | : | |
| _____/ | : | |

Plaintiffs Wellnext LLC ("Wellnext") and Rainbow Light Nutritional Systems, LLC ("Rainbow Light") (collectively, "Plaintiffs") sue Defendants OVM LLC ("OVM"), Yakov Meyer Figa ("Figa"), and John Does 1-100 ("Does") (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c), common law trademark infringement, violations of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.204, and tortious interference with contract and business relations, and allege as follows. These claims arise from Defendants' misappropriation of Plaintiffs' trademarks in conjunction with Defendants' unlawful and unauthorized sale of Rainbow Light® brand products on the Internet.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Wellnext is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Sunrise, Florida.

2.     Plaintiff Rainbow Light is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Sunrise, Florida.

3.     Upon information and belief, Defendant OVM LLC is a limited liability company, organized under the laws of the State of New York, with its principal place of business located in Brooklyn, New York, and that operates under the seller name "GoGreen 2017 LLC" f/k/a "Hashem Yazor" and "Ocean View Marketing" on www.amazon.com ("Amazon").

4.     Upon information and belief, Defendant Yakov Meyer Figa is a natural person who resides in Brooklyn, New York and operates under the seller name "GoGreen 2017 LLC" f/k/a "Hashem Yazor" and "Ocean View Marketing" on Amazon.

5.     The true names, involvement, and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1 through 100 are unknown to Plaintiffs. Therefore, Plaintiffs sue these Defendants by a fictitious name.  Plaintiffs are informed and believe, and on that basis allege, that the John Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, Plaintiffs will seek leave to amend this Complaint accordingly.

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for Plaintiffs' claims that arise under federal law and 28 U.S.C. § 1367 for Plaintiffs' claims that arise under state law because they form part of the same case or controversy as Plaintiffs' claims that arise under federal law.

7.     Venue is proper in this District and in this Division under, without limitation, 28 U.S.C. § 1391(b)(2)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District and this Division.

8.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a)(2), as persons committing tortious acts within the State of Florida.

9.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a)(1), as persons operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida, or having an office or agency in the State of Florida.

10.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a)(6), as persons causing injury to persons within the State of Florida arising out of acts or omissions outside the State of Florida and, at or about the time of the injury, (a) they were engaged in solicitation or service activities within the State of Florida, and (b) products, materials, or things processed, serviced, or manufactured by defendants were used or consumed within the State of Florida in the ordinary course of commerce, trade, or use.

11.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(2), as persons engaged in substantial and not isolated activity within the State of Florida.

12.     This Court has personal jurisdiction over Defendants sufficient to satisfy Constitutional due process because each Defendant has sufficient minimum contacts with the State of Florida with respect to the subject matter of this action, such that each could reasonably anticipate being brought into court in this forum.

## FACTUAL ALLEGATIONS

### Wellnext And The Rainbow Light Trademarks

13.     Wellnext develops, manufactures, markets, and sells high quality dietary and nutritional supplements, including products under the Rainbow Light® brand ("Rainbow Light Products").  Wellnext sells Rainbow Light Products exclusively through a network of authorized resellers ("Authorized Resellers").

14.     Wellnext devotes a significant amount of time, energy, and resources toward protecting the value of  the Rainbow Light brand, products, name, and reputation.  By distributing Rainbow Light Products exclusively through Authorized Resellers, Wellnext ensures that customers receive the high quality products that they expect from Wellnext and that they receive the full suite of customer support that accompanies genuine Rainbow Light Products.  In the highly competitive supplements industry, quality and customer support are a fundamental part of a customer's decision to purchase a product.

15.     To promote and protect the Rainbow Light brand, Rainbow Light has registered numerous trademarks with the United States Patent and Trademark Office, including, but not limited to: NUTRI STARS® (U.S. Trademark Registration No. 1,772,172), JUST ONCE® (U.S. Trademark Registration No. 2,130,550), BEAR ESSENTIALS® (U.S. Trademark Registration 2,598,723), GUMMY POWER SOURS® (U.S. Trademark Registration No. 3,367,183), and RAINBOW LIGHT® (U.S. Trademark Registration No. 4,548,927) (collectively, the "Rainbow Light Trademarks").

16.     Rainbow Light owns the Rainbow Light Trademarks and has licensed them to Wellnext.

17.     The registration for each of the Rainbow Light Trademarks is valid, subsisting and in full force and effect. Pursuant to 15 U.S.C. § 1065, the Rainbow Light Trademarks serve

4

as conclusive evidence of  Rainbow Light's ownership of the marks and of Plaintiffs' exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the Rainbow Light Products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

18.    Wellnext actively uses and markets all of the Rainbow Light Trademarks in interstate commerce.

19.    Due to the superior quality and exclusive distribution of Rainbow Light Products, and because Wellnext is uniquely recognized as the source of these high quality products, the Rainbow Light Trademarks have considerable value.

**Wellnext Has Implemented Strict Quality Control Procedures For Rainbow Light Products**

20.    Wellnext exercises strict quality control over the production and distribution of Rainbow Light Products.  Wellnext's ability to implement these quality controls is essential to the integrity and safety of Rainbow Light Products, as well as to the value of its trademarks and other intellectual property.

21.    Wellnext maintains the quality controls over Rainbow Light Products by selling them exclusively through Authorized Resellers.

22.    Wellnext Authorized Resellers are required to sell products only in certain channels, and to abide by Wellnext's Authorized Reseller Policy and other rules (collectively, the "Wellnext Rules").  The Wellnext Rules impose numerous quality control requirements and protect the manner in which Rainbow Light Products may be marketed, sold, and administered to consumers.

23.    To ensure that customers receive the genuine and high quality products they expect from Wellnext, the Wellnext Rules require Authorized Resellers to inspect, store, and ship Rainbow Light Products pursuant to specific terms.  Authorized Resellers must store all

Rainbow Light Products in a cool, dry place, away from direct sunlight, extreme heat, and dampness, and in accordance with cGMPs, applicable laws, rules and regulations, and any additional storage guidelines specified by Wellnext. Authorized Resellers are also required to inspect Rainbow Light Products upon receipt and during storage for damage, defect, evidence of tampering, or other non-conformance, and to confirm that product seals have not been broken. Authorized Resellers must also inspect their inventory regularly for expired or soon-to-be expired Rainbow Light Products and remove any such products from inventory. Authorized Resellers are prohibited from selling expired Rainbow Light Products.

24.     To avoid customer confusion and ensure that customers receive genuine Rainbow Light Products, Authorized Resellers are also prohibited from relabeling, altering, modifying, tampering with, or repackaging any products, product labels, packaging, or literature.

25.     To ensure the safety and well-being of the end-users of the Products, Authorized Resellers are required to communicate all safety information to consumers and cooperate with Wellnext with respect to any product recall.

26.     The Wellnext Rules also require Authorized Resellers to provide certain services to their customers. Authorized Resellers are required to familiarize themselves with the special features of all products kept in inventory and to be able to advise clients on how to use the products safely and properly. Authorized Resellers must also have sufficient product knowledge to address end-user customer questions and concerns both before and after the sale of the products and should endeavor to respond promptly to customer inquiries.

27.     Wellnext also takes steps to prevent the resale of Rainbow Light Products by unauthorized dealers on the Internet to avoid the potential health and safety risks that could arise if Rainbow Light Products are not sold through the proper channels. The Wellnext Rules

prohibit Authorized Resellers from selling products on unauthorized websites.  The Wellnext Rules also prohibit Authorized Resellers from selling to unauthorized resellers or end users who the Authorized Reseller knows, or has reason to suspect, will resell the products.  Wellnext's policies and agreements with its distributors prohibit distributors from selling products to anyone who is not an Authorized Reseller.

### Wellnext Discovered Defendants' Unauthorized Sale Of Rainbow Light Products On The Internet

28.     Due to the health and safety risks to customers and reputational concerns associated with the illegal sale of Rainbow Light Products by unauthorized Internet sellers, Wellnext polices the sale of Rainbow Light Products online.

29.     Through these efforts, Wellnext discovered Rainbow Light Products being illegally sold by Defendants on Amazon under the storefront name "GoGreen 2017 LLC" f/k/a "Hashem Yazor" and "Ocean View Marketing."

30.     Upon information and belief, Defendants, through these websites, accept and fulfill orders from Florida residents for Rainbow Light Products and ship Rainbow Light Products to persons located in Florida.

31.     Defendants are not authorized resellers of Rainbow Light Products and Defendants' offering of Rainbow Light Products on these websites is in violation of the Rainbow Light Trademarks and Wellnext's agreements with its Authorized Resellers.

### Defendants Are Willfully Infringing On The Rainbow Light Trademarks

32.     Defendants, without Wellnext's authorization, have sold, and continue to sell, products bearing the Rainbow Light Trademarks on Amazon.

33.     Wellnext sent Defendants a cease and desist letter on or about September 18, 2017, demanding that they stop selling Rainbow Light Products and remove all Rainbow Light

Products from their Amazon storefront and any other unauthorized websites.  Defendants, however, continue to sell Rainbow Light Products.

34.      The unauthorized products Defendants sell are materially different than genuine Rainbow Light Products, as they are sold without Wellnext's quality controls and customer service benefits which are essential elements of Rainbow Light Products.

35.      As a result, Defendants have misled, and continue to mislead, consumers into believing they are purchasing genuine Rainbow Light Products when, in fact, they are not.

36.      Consumers who purchase Rainbow Light Products from Defendants are misled, confused, and deceived into believing they are buying genuine Rainbow Light Products, but they are not receiving the benefit of Wellnext's established quality controls, and customer service that accompany genuine Rainbow Light Products.

### Defendants Are Tortiously Interfering With Wellnext's Agreements With Its Authorized Resellers And Distributors

37.      Upon information and belief, Defendants have purchased Rainbow Light Products from Wellnext Authorized Resellers and/or distributors for purposes of reselling them on the Internet.

38.      Upon information and belief, Defendants knew that Wellnext's agreements with its Authorized Resellers prohibit the sale of Rainbow Light Products to third parties for purposes of resale and Wellnext's agreements with its distributors prohibit the sale of Rainbow Light Products to third parties who are not Authorized Resellers.

39.      Upon information and belief, Defendants willfully and knowingly induced unknown Wellnext Authorized Resellers and distributors to breach their agreements with Wellnext so that they could acquire Rainbow Light Products and resell them.

**Plaintiffs Have Suffered Significant Harm As A Result of Defendants' Conduct**

40.     Plaintiffs have suffered and will continue to suffer significant monetary harm as a result of Defendants' actions including, but not limited to, loss of sales, damage to their intellectual property, and damage to their existing and potential business relations.

41.     Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

42.     Plaintiffs are entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell Rainbow Light Products, causing continued irreparable harm to Plaintiffs' reputation, goodwill, relationships, intellectual property and brand integrity.

43.     Defendants' conduct was and is knowing, intentional, willful, malicious, wanton and contrary to law.

44.     Defendants' willful violations of the Rainbow Light Trademarks and continued pattern of misconduct demonstrate intent to harm Plaintiffs.

## COUNT I

**Trademark Infringement – 15 U.S.C. §§ 1114 and 1125(a)(1)(a)**

45.     Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

46.     Plaintiffs are the owner and licensee of the Rainbow Light Trademarks.

47.     Plaintiffs have registered the Rainbow Light Trademarks with the United States Patent and Trademark Office.

48.     The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

9

49.     Defendants willfully and knowingly used, and continue to use, the Rainbow Light Trademarks in commerce for purposes of selling Rainbow Light Products on the Internet without Plaintiffs' consent.

50.     Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized sale of Rainbow Light Products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the Rainbow Light Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Plaintiffs.

51.     Defendants' use of the Rainbow Light Trademarks in connection with the sale of Rainbow Light Products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Rainbow Light Products.

52.     The products sold by Defendants are not, in fact, genuine and authentic Rainbow Light Products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards and customer service as genuine Rainbow Light Products.

53.     Defendants' unauthorized use of the Rainbow Light Trademarks has materially damaged the value of the Rainbow Light Trademarks, caused significant damage to Plaintiffs' business relations, and infringed on the Rainbow Light Trademarks.

54.     As a result, Plaintiffs have suffered, and continue to suffer immediate and irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

55.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' infringing conduct.

56.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

57.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

a.  That the Court find for Plaintiffs against Defendants on the claim for federal trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(a) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count I;

d.  That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all those in active concert and participation with them (the "Enjoined Parties") be permanently enjoined and restrained from:

i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

    ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

    iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

## COUNT II

### False Advertising – 15 U.S.C. § 1125(a)(1)(b)

58.  Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

59.  Plaintiffs are the owner and licensee of the Rainbow Light Trademarks.

60.  Plaintiffs have registered the Rainbow Light Trademarks with the United States Patent and Trademark Office.

61.  The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

62.  Defendants willfully and knowingly used, and continue to use, the Rainbow Light Trademarks in interstate commerce for purposes of advertising, promoting, and selling Rainbow Light Products without Plaintiffs' consent.

63.  Defendants' advertisements and promotions of their products unlawfully using the Rainbow Light Trademarks have been disseminated to the relevant purchasing public.

64.  Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

65.  Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for

13

sale are genuine and authentic Rainbow Light Products, and originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

66.     Defendants' unauthorized use of the Rainbow Light Trademarks in advertising, and otherwise, infringes on the Rainbow Light Trademarks.

67.     As a result, Plaintiffs have suffered, and continue to suffer immediate and irreparable harm.  Plaintiffs have also suffered damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

68.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

69.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

70.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

> a.   That the Court find for Plaintiffs against Defendants on the claim for federal false advertising in violation of 15 U.S.C. § 1125(a)(1)(b) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;
>
> b.   That the Court enter an award of attorneys' fees, costs, and expenses;
>
> c.   That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count II;
>
> d.   That the Enjoined Parties be permanently enjoined and restrained from:

    i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

    ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

    iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to,

requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## COUNT III

### Unfair Competition – 15 U.S.C. § 1125(a)

71.   Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

72.   Plaintiffs are the owner and licensee of the Rainbow Light Trademarks.

73.   Plaintiffs have registered the Rainbow Light Trademarks with the United States Patent and Trademark Office.

74.   The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

75.   Defendants have willfully and knowingly used, and continue to use, the Rainbow Light Trademarks in interstate commerce for purposes of selling Rainbow Light Products without Plaintiffs' consent.

76.   Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Rainbow Light Products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

77.     Defendants' unauthorized sale of products bearing the Rainbow Light Trademarks, and unauthorized use of the Rainbow Light Trademarks in advertising materially damages the value of the Rainbow Light Trademarks and causes significant damage to Plaintiffs' business relations.

78.     Defendants' unauthorized sale of products bearing the Rainbow Light Trademarks and unauthorized use of the Rainbow Light Trademarks in advertising infringes on the Rainbow Light Trademarks.

79.     As a result, Plaintiffs have suffered, and continues to suffer immediate and irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

80.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

81.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

82.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

    a.   That the Court find for Plaintiffs against Defendants on the claim for federal unfair competition in violation of 15 U.S.C. § 1125(a) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

    b.   That the Court enter an award of attorneys' fees, costs, and expenses;

    c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count III;

    d.  That the Enjoined Parties be permanently enjoined and restrained from:

        i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

        ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

        iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

        iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

    e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

18

f.   That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## COUNT IV

### Trademark Dilution – 15 U.S.C. § 1125(c)

83.   Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

84.   Plaintiffs are the owner and licensee of the Rainbow Light Trademarks.

85.   Plaintiffs have registered the Rainbow Light Trademarks with the United States Patent and Trademark Office.

86.   The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

87.   The Rainbow Light Trademarks are famous, distinctive, and widely recognized marks by the consuming public.

88.   Plaintiffs have expended substantial time, money, and resources advertising and promoting Rainbow Light Products with the Rainbow Light Trademarks.

19

89.    The Rainbow Light Trademarks are the means by which Rainbow Light Products are distinguished from others in the marketplace.

90.    As a result of Plaintiffs' long, continuous, and exclusive use of the Rainbow Light Trademarks, the Rainbow Light Trademarks have acquired a secondary meaning associated by consumers and the public.

91.    Plaintiffs are widely recognized as the designated source of goods bearing the Rainbow Light Trademarks.

92.    Defendants have willfully and knowingly used the Rainbow Light Trademarks in connection with the unauthorized and illegal sale of products.

93.    Defendants' willful use of the Rainbow Light Trademarks in connection with the unauthorized and illegal sale of Rainbow Light Products dilutes the Rainbow Light Trademarks because the products Defendants sell are not, in fact, genuine and authentic Rainbow Light Products.

94.    Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized sale of Rainbow Light Products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the Rainbow Light Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Plaintiffs.

95.    As a result of Defendants' unlawful actions, the reputation of the Rainbow Light Trademarks has been, and continues to be harmed, and Plaintiffs have suffered, and continue to suffer, immediate and irreparable injury.

96.    Plaintiffs have also suffered damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

97.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' misconduct.

98.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

99.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

    a.  That the Court find for Plaintiffs against Defendants on the claim for federal trademark dilution in violation of 15 U.S.C. § 1125(c) in an amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

    b.  That the Court enter an award of attorneys' fees, costs, and expenses;

    c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count IV;

    d.  That the Enjoined Parties be permanently enjoined and restrained from:

        i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

        ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

        iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or

displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

    iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

## COUNT V

### Common Law Trademark Infringement

100.    Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

101.    Plaintiffs are the owner and licensee of the Rainbow Light Trademarks.

102.    Plaintiffs have registered the Rainbow Light Trademarks with the United States Patent and Trademark Office.

103.    The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

104.    The Rainbow Light Trademarks are distinctive and widely recognized by the consuming public.  Rainbow Light Products are sold and purchased through its Authorized Resellers throughout the United States, including Florida.

105.    Plaintiffs are widely recognized as the designated source of goods bearing the Rainbow Light Trademarks.

106.    Defendants willfully and knowingly used, and continue to use, the Rainbow Light Trademarks in interstate commerce for purposes of selling Rainbow Light Products on the Internet without Plaintiffs' consent.

107.    Defendants' knowing and willful use of the Rainbow Light Trademarks without Plaintiffs' consent in connection with the unauthorized and illegal sale of their products infringes on the Rainbow Light Trademarks and is contrary to honest practice in industrial or commercial matters.

108.    Defendants' knowing and willful use of the Rainbow Light Trademarks in connection with the unauthorized and illegal sale of their products without Plaintiffs' consent is likely to cause confusion, mistake, or deceive because it suggests that the products Defendants

23

offer for sale are the same as the products legitimately bearing the Rainbow Light Trademarks, and that the products originate from, or are sponsored, authorized, approved or otherwise connected with Plaintiffs.

109.    Defendants use of the Rainbow Light Trademarks in connection with the sale of their products is likely to cause confusion, mistake or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Rainbow Light Products when, in fact, they are not.

110.    Defendants' unlawful actions and unauthorized use of the Rainbow Light Trademarks has materially damaged the value of the Rainbow Light Trademarks, caused significant damage to Plaintiffs' business relations, and infringed on the Rainbow Light Trademarks.

111.    As a result, Plaintiffs have suffered, and continue to suffer, immediate and irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

112.    Plaintiffs are also entitled to punitive damages because Defendants' misconduct was intentional and/or grossly negligent.

113.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

     a.  That the Court find for Plaintiffs against Defendants on the claim for common law trademark infringement in an amount to be determined at trial, including but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count V;

d.  That the Enjoined Parties be permanently enjoined and restrained from:

    i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

    ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

    iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

f.   That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## <u>COUNT VI</u>

**Violation of the Florida Unfair and Deceptive Trade Practices Act –
Fla. Stat. § 501.201, *et seq.***

114.   Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

115.   The Rainbow Light Trademarks are valid and subsisting trademarks in full force and effect.

116.   Defendants willfully and knowingly used, and continue to use, the Rainbow Light Trademarks in commerce in connection with the sale and advertising of products without Plaintiffs' consent.

117.   Defendants' use of the Rainbow Light Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Rainbow Light Products because it suggests that the

26

products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

118.    Defendants' unauthorized sale of products bearing the Rainbow Light Trademarks, and unauthorized use of the Rainbow Light Trademarks in advertising constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201, *et seq.*

119.    Defendants' unauthorized sale of products bearing the Rainbow Light Trademarks, and unauthorized use of the Rainbow Light Trademarks in advertising materially damages the value of the Rainbow Light Trademarks and causes significant damages to Plaintiffs' business relations.

120.    As a result, Plaintiffs have suffered, and continue to suffer immediate and irreparable harm.  Plaintiffs have also suffered, and continue to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

121.    Pursuant to Florida Statute § 501.211(1), Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

122.    Pursuant to Florida Statute § 501.211(3), Plaintiffs are entitled to an award of attorneys' fees.

123.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

        a.  That the Court find for Plaintiffs against Defendants on the claim for violations of the Florida Unfair and Deceptive Trade Practices Act in an

amount to be determined at trial, including but not limited to, compensatory damages, statutory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count VI;

d.  That the Enjoined Parties be permanently enjoined and restrained from:

i.  advertising or selling, via the Internet or otherwise, any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks;

ii.  using any of the Rainbow Light Trademarks in any manner, including advertising on the Internet;

iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Rainbow Light Products as well as any products bearing any of the Rainbow Light Trademarks; and

iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Rainbow Light Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.   That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any Rainbow Light Products or any of the Rainbow Light Trademarks;

f.   That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Rainbow Light Trademarks which associate Rainbow Light Products or the Rainbow Light Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts, including, but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove such any such associations;

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove unauthorized Rainbow Light Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## <u>COUNT VII</u>

### Tortious Interference with Contract and Business Relations

124.   Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

125.   Wellnext has entered into agreements with Authorized Resellers to sell Rainbow Light Products.  These agreements specifically prohibit Wellnext's Authorized Resellers from selling Rainbow Light Products to third parties, such as Defendants, for purposes of resale.

126.   Wellnext has also entered into agreements with its distributors to sell Rainbow Light Products.  These agreements specifically prohibit Wellnext's distributors from selling Rainbow Light Products to third parties who are not Authorized Resellers.

127.     Defendants knew that Wellnext's agreements with its Authorized Resellers prohibit Wellnext's Authorized Resellers from selling Rainbow Light Products to third parties, such as Defendants, for purposes of resale, and knew that Wellnext's agreements with its distributors prohibit distributors from selling Rainbow Light Products to third parties who are not Authorized Resellers.

128.     Defendants willfully and knowingly interfered with the agreements between Wellnext and its Authorized Resellers and distributors by acquiring Rainbow Light Products and reselling them on the Internet in violation of those agreements.

129.     Defendants acted with a wrongful purpose by acquiring Rainbow Light Products for the purpose of reselling those products on the Internet in violation of Wellnext's agreements with its Authorized Resellers and distributors.

130.     Defendants' actions have caused injury to Plaintiffs for which Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

131.     Defendants are also liable for punitive damages because their misconduct was intentional and/or grossly negligent.

132.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

   a.   That the Court find for Plaintiffs against Defendants on the claim for tortious interference with contract in an amount to be determined at trial, including but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

   b.   That the Court enter an award of attorneys' fees, costs, and expenses;

    c.   That the Court find Defendants jointly and severally liable for the monetary

         damages awarded on Count VII; and

    d.   For an order granting any other and further relief as the Court deems just.


## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.


                             */s/ Liana R. Hollingsworth*

                             Liana R. Hollingsworth



Dated: October 27, 2017              Respectfully submitted,

                             */s/ Liana R. Hollingsworth*

                             Daren S. Garcia, Esq.

                             Florida Bar No. 592609

                             VORYS, SATER, SEYMOUR AND PEASE LLP

                             500 Grant Street, Suite 4900

                             Pittsburgh, Pennsylvania, 15219-2502

                             Telephone: (412) 904-7700

                             Facsimile: (412) 904-7817

                             E-mail: dsgarcia@vorys.com

                             Liana R. Hollingsworth

                             Florida Bar No. 0076930

                             VORYS, SATER, SEYMOUR AND PEASE LLP

                             200 Public Square, Suite 1400

                             Cleveland, Ohio 44114

                             Telephone: (216) 479-6152

                             Fax: (216) 937-3406

                             E-mail: lrhollingsworth@vorys.com

                             *Counsel for Plaintiffs Wellnext LLC and Rainbow Light Nutritional Systems, LLC*