**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

WELLNEXT LLC, and RAINBOW LIGHT
NUTRITIONAL SYSTEMS, LLC,

     Plaintiffs,

v.

OVM LLC, YAKOV MEYER FIGA, and
JOHN DOES 1-100, individually or as
corporate/business entities,

     Defendants.

CASE NO.: 0:17-cv-62107-PCH

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND**
**INCORPORATED  SUPPORTING MEMORANDUM OF LAW**

668566.2

## TABLE OF CONTENTS

MEMORANDUM OF LAW ....................................................**Error! Bookmark not defined.**

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND ................................................................................................3

III.    LEGAL STANDARDS .......................................................................................4

IV.     THE COMPLAINT SHOULD BE DISMISSED ................................................4

     A.      The Complaint Fails to State a Claim for Trademark Infringement Under 15 U.S.C. § 1125(a) ..............................................................................4

     B.      The Complaint Fails to State a Claim for False Advertising or Unfair Competition Origin Under 15 U.S.C. § 1125(a) ........................................7

     C.      The Complaint Fails to State a Claim for Dilution Under 15 U.S.C. § 1125(c) ...................................................................................................8

     D.      Plaintiffs' State-law Claims Fail for the Same Reasons the Lanham Act Claims Fail......................................................................................10

     E.      Plaintiffs' Tortious Interference Claim Is Conclusory and Should Be Dismissed..................................................................................................12

     F.      The Complaint Fails to State a Claim Against Mr. Figa .........................14

     G.      Plaintiffs' "Shotgun Pleadings" Are Impermissible ...............................15

V.      CONCLUSION..................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*,
    77 F.3d 364 (11th Cir. 1996) ..................................................................................15

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).............................................................................................4

*Babbit Elecs. v. Dynascan Corp.*,
    828 F. Supp. 944 (S.D. Fla. 1993), aff'd, 38 F.3d 1161 (11th Cir. 1994)..................14

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007).............................................................................................13

*Brain Pharma, Ltd. Liab. Co. v. Scalini*,
    858 F. Supp. 2d 1349 (S.D. Fla. 2012) ........................................................... passim

*Chanel, Inc. v. Italian Activewear of Florida, Inc.*,
    931 F.2d 1472 (11th Cir. 1991)...............................................................................14

*Coach Servs., Inc. v. Triumph Learning LLC*,
    668 F.3d 1356 (Fed. Cir. 2012)..................................................................................8

*Davidoff & CIE, S.A. v. PLD Int'l Corp.*,
    263 F.3d 1297 (11th Cir. 2001) .................................................................1, 2, 5, 8

*Ferguson Transp., Inc. v. North American Van Lines, Inc.*,
    687 So. 2d 821 (Fla. 1996).......................................................................................12

*Gift of Learning Found., Inc. v. TCG, Inc.*,
    329 F.3d 792 (11th Cir. 2003) .................................................................................11

*Goodbys Creek, LLC v. Arch Ins. Co.*,
    No. 3:07-cv-947-J-33HTS, 2008 U.S. Dist. LEXIS 60759
    (M.D. Fla. July 31, 2008).........................................................................................11

*Gregg v. U.S. Indus., Inc.*,
    887 F.2d 1462 (11th Cir. 1989) ...............................................................................12

*Gwynn v. Rabco Leasing, Inc.*,
    No. 8:09-cv-2093-T-23TGW, 2010 U.S. Dist. LEXIS 149749
    (M.D. Fla. Jan. 21, 2010).........................................................................................14

*H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*,
    879 F.2d 1005 (2d Cir. 1989)...............................................................................5, 13

*Hormel Foods Corp. v. Jim Henson Prods.*,
    73 F.3d 497 (2d Cir. 1996) ................................................................................10

*Iberia Foods Corp. v. Romeo*,
    150 F.3d 298 (3d Cir. 1998) ............................................................................5, 6

*Int'l Sales & Serv. v. Austral Insulated Prods.*,
    262 F.3d 1152 (11th Cir. 2001) ........................................................................12

*Investacorp, Inc. v. Arabian Inv. Banking Corp. E.C.*,
    931 F.2d 1519 (11th Cir. 1991) ........................................................................11

*Jacobs v. Tempur-Pedic Int'l, Inc.*,
    626 F.3d 1327 (11th Cir. 2010) ..........................................................................4

*Leon v. Tapas & Tintos, Inc.*,
    51 F. Supp. 3d 1290 (S.D. Fla. 2014) ..............................................................11

*Natural Answers, Inc. v. Smithkline Beecham Corp.*,
    529 F.3d 1325 (11th Cir. 2008) ........................................................................10

*NEC Elecs. v. Cal Circuit Abco*,
    810 F.2d 1506 (9th Cir. 1987) ............................................................................8

*Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*,
    No. 13-20803-CIV-MORENO, 2013 U.S. Dist. LEXIS 59558
    (S.D. Fla. April 25, 2013) ................................................................................11

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
    261 F.3d 1188 (11th Cir. 2001) ........................................................................11

*Polymer Tech. Corp. v. Mimran*,
    37 F.3d 74 (2d Cir. 1994) ....................................................................................6

*Realauction.com, LLC v. Grant St. Grp., Inc.*,
    82 So. 3d 1056 (Fla. DCA 2011). ....................................................................13

*Rizzo-Alderson v. Tawfik*,
    No. 5:17-cv-312-Oc-37PRL, 2017 U.S. Dist. LEXIS 164482
    (M.D. Fla. Oct. 3, 2017) ....................................................................................15

*Ross Bicycles, Inc. v. Cycles USA, Inc.*,
    765 F.2d 1502 (11th Cir. 1985) ..........................................................................8

*Sarkis v. Pafford Oil Co.*,
    697 So. 2d 524 (Fla. 1st DCA 1997) ................................................................12

iii

*Scott Fetzer Co. v. House of Vacuums Inc.*,
    381 F.3d 477 (5th Cir. 2004) ..................................................................10

*Sebastian Int'l, Inc. v. Long Drug Stores Corp.*,
    53 F.3d 1073 (9th Cir. 1995) ....................................................................7

*SkyVenture Orlando, LLC v. SkyVenture Mgmt., LLC*,
    No. 6:09-cv-396-Orl-19KRS, 2009 U.S. Dist. LEXIS 77212
    (M.D. Fla. Aug. 12, 2009) ..............................................................2, 9, 12

*Smith v. Emery Air Freight Corp.*,
    512 So. 2d 229 (Fla. 3d DCA 1987) .......................................................13

*Warner-Lambert Co. v. Northside Dev. Corp.*,
    86 F.3d 3 (2d Cir. 1996)............................................................................7

*Weiland v. Palm Beach Cty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) ...............................................................15

## STATUTES

15 U.S.C. § 1125(a) ..............................................................................4, 7, 8

15 U.S.C. § 1125(c) ......................................................................................8

15 U.S.C. § 1125(c)(2)(B)-(C)......................................................................9

Fla. Stat. § 501.201, *et seq.* ........................................................................10

Fla. Stat. § 501.202(2)................................................................................11

## RULES

Federal Rule of Civil Procedure 8(a), (d) ...................................................15

Federal Rule of Civil Procedure 10(b)........................................................15

Federal Rule of Civil Procedure 12(b)(6) .....................................................1

iv

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, OVM LLC ("OVM") and Yakov Meyer Figa (collectively, "Defendants"), move to dismiss Plaintiffs', Wellnext LLC and Rainbow Light Nutritional System, LLC's (collectively, "Plaintiffs"), Complaint for failure to state a claim on which relief can be granted, for the reasons set forth in the following Memorandum of Law.

## MEMORANDUM OF LAW

## I.   INTRODUCTION

This case relates to the sale of nutritional supplements over the internet and, in particular, on Amazon.com ("Amazon"). Plaintiffs manufacture and sell a line of nutritional supplements under the "Rainbow Light" label ("Rainbow Light Products"). Plaintiffs distribute these products through authorized distributors and retailers, but also sell their products directly to consumers through their website and on Amazon. OVM purchases genuine Rainbow Light Products from an authorized distributor and resells these products through its Amazon storefront. Yakov Figa is a principal of OVM. Apparently seeking to limit competition on Amazon, Plaintiffs filed the instant Complaint (Dkt. 1) alleging trademark infringement and unfair competition under federal and state law, as well as other state law claims.

It is well-established that, under the "first sale doctrine," the resale of genuine trademarked goods does not constitute trademark infringement, even if made without the trademark owner's consent. *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1301-2 (11th Cir. 2001). Thus, in order for Plaintiffs to state a claim for trademark infringement, Plaintiffs must allege sufficient facts to show that Rainbow Light Products sold by the Defendants are "materially different than those sold by [Plaintiffs]." *Id.* at 1302. Plaintiffs fail to do so.

1

Stripped of its legal conclusions, the Complaint merely alleges that the Rainbow Light Products sold by Defendants "are materially different because . . . they are not subject to the same quality control standards and customer service as [those products sold by Plaintiffs]." (Compl. ¶52).  But Plaintiffs do not (and cannot) allege *any facts* supporting these conclusory statements. In reality, whether supplied to Amazon by Plaintiffs, Defendants, or an authorized reseller, the Rainbow Light Products in question are indistinguishable from a customer's perspective.  For this reason, Plaintiffs' trademark infringement claim fails.  *Brain Pharma, Ltd. Liab. Co. v. Scalini*, 858 F. Supp. 2d 1349, 1355 (S.D. Fla. 2012) ("[I]n the absence of specific, nonconclusory factual allegations which allege that *the products sold by Defendants* do not meet Plaintiff's standard quality control measures, . . . Plaintiff has failed to state a claim for trademark infringement.") (emphasis added).  Plaintiffs' false advertising, unfair competition, trademark dilution and related state law claims (Counts II-VI) fail for the same reason—merely reselling genuine products, absent more, is not a violation of law.  *See, e.g., Davidoff & CIE, S.A.*, 263 F.3d at 1301 ("This is for the simple reason that consumers are not confused about the origin of the goods: the origin has not changed as a result of the resale.").

The Complaint also attempts to state a claim of tortious interference with contract and business relations (Count VII). However, each of the related allegations are conclusory and merely regurgitate the legal elements of a claim for tortious interference under Florida law. For example, the Complaint fails to identify a specific business relationship or contract in which Defendants have allegedly interfered. As result, Plaintiffs' tortious interference claim should be dismissed.  *SkyVenture Orlando, LLC v. SkyVenture Mgmt., LLC*, No. 6:09-cv-396-Orl-19KRS, 2009 U.S. Dist. LEXIS 77212, at *21 (M.D. Fla. Aug. 12, 2009) (dismissing claim of tortious interference where complaint merely "state[d] that Defendants 'interfered' with vendors, but . . .

fails to specify the vendor or the method of interference").

Finally, the Complaint fails to allege why OVM's principal, Mr. Figa, is personally liable for any of the acts alleged.  Each and every one of Plaintiffs' federal and state law claims (Counts I through VII) are silent as to any improper actions purportedly taken by Mr. Figa.  All claims against Mr. Figa should therefore be dismissed.

For these reasons, and those discussed below, the Complaint should be dismissed in its entirety.

## II.    **BACKGROUND**

Plaintiffs manufacture and sell dietary and nutritional supplements. (Compl. ¶13). Plaintiffs distribute the Rainbow Light Products through a network of authorized distributors and resellers. (*Id.* at ¶14).  Plaintiffs also sell the Rainbow Light Products directly to consumers through their website (*see* https://www.rainbowlight.com) and on Amazon.com (*see* Rainbow Light Direct Storefront ("Maximum freshness and quality, buy directly from manufacturer!")).

OVM operates a storefront on Amazon under the name GoGreen 2017.  (Compl. ¶4). OVM offers, among other things, a variety of health-related products, including Rainbow Light Products.  OVM purchases the Rainbow Light Products from Plaintiffs' authorized distributors, *i.e., they are genuine products*.  (*Id.* at ¶¶31, 125).  Mr. Figa, an individual, is the principal of OVM.

On October 27, 2017, Plaintiffs filed suit against Defendants. The seven-count Complaint attempts to allege causes of action against the defendants for trademark infringement and unfair competition under federal and state law, as well as tortious interference with business.  The crux of Plaintiffs' complaint is that Defendants are reselling Rainbow Light Products outside of Plaintiffs' authorized sales channels. (*See, e.g.,* Compl. ¶¶22, 27).  In this regard, Plaintiffs admit

3

that Defendants purchase the Rainbow Light Products from "Authorized Resellers," *i.e.,* that the products are genuine. (*Id.* at ¶¶125-27). Nevertheless, Plaintiffs allege that "[t]he unauthorized products Defendants sell are materially different than genuine Rainbow Light Products, as they are sold without Wellnext's quality controls and customer service benefits which are essential elements of Rainbow Light Products." (*Id.* at ¶34). The Complaint does not provide any facts to support these conclusory allegations. Nor does the Complaint explain why Mr. Figa was named as a defendant in the action; nor does it include any specific allegations against Mr. Figa.

Because Plaintiffs have failed to state a claim on which relief can be granted, the Complaint should be dismissed.

## III.   <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). When reviewing a complaint against this standard, courts apply a "two-step process." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010). First, a court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## IV.   <u>THE COMPLAINT SHOULD BE DISMISSED</u>

### A.   The Complaint Fails to State a Claim for Trademark Infringement Under 15 U.S.C. § 1125(a)

Count I of the Complaint purports to state a claim for trademark infringement under Section 1125(a) of the Lanham Act. However, when stripped of its legal conclusions, the Complaint merely alleges that Defendants, without Plaintiffs' consent, are engaged in the sale of

4

Plaintiffs' products. (Compl. ¶50). In other words, Plaintiffs contest Defendants' sale of genuine products in sales channels that Plaintiffs seek to control. It is well-established that "the unauthorized sale of a trademarked article does not, without more, constitute a Lanham Act violation." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1023 (2d Cir. 1989); *Davidoff & Cie. S.A.,* 263 F.3d at 1301. This is because consumers of resold genuine goods are not confused as to the origin of the goods, *i.e.,* the origin of the goods does not change as a result of the resale.  *Id*.  Under the "first sale" or "exhaustion" doctrine, the trademark protections of the Lanham Act are exhausted after the trademark owner's first sale of its product. *Id*. (citing *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 (3d Cir. 1998)).

Aware of this, Plaintiffs attempt to rely on the "material difference" exception to the first sale doctrine. This exception provides that the first sale doctrine does not apply "when an alleged infringer sells trademarked goods that are ***materially different*** than those sold by the trademark owner." *Davidoff & Cie S.A.*, 263 F.3d at 1302 (emphasis added).  In this regard, the Complaint alleges that the Rainbow Light "products sold by Defendants are materially different because . . . they are not subject to the same quality control standards and customer service as genuine Rainbow Light Products." (Compl. ¶52). Plaintiffs allege that they impose certain quality control requirements on Authorized Resellers. For example, Plaintiffs assert that their Authorized Resellers must store Rainbow Light Products in accordance with certain guidelines and periodically inspect the products to make sure that they are not expired. (*Id.* at ¶23).  Plaintiffs further contend that "Authorized Resellers are required to familiarize themselves with the special features of all products kept in inventory and to be able to advise clients on how to use the products safely and properly." (*Id.* at ¶26).

Even assuming that these allegations are true, they constitute only half of the equation.

Other than conclusory statements, the Complaint fails to allege any facts showing how ***Defendants fail to distribute the products in accordance with these purported quality control and customer service standards.*** This omission is fatal to Plaintiffs' claim. *See Brain Pharma, Ltd. Liab. Co. v. Scalini*, 858 F. Supp. 2d at 1355 ("[I]n the absence of specific, nonconclusory factual allegations which allege that ***the products sold by Defendants*** do not meet Plaintiff's standard quality control measures, the Court finds that Plaintiff has failed to state a claim for trademark infringement."); *see also Iberia Foods Corp.*, 150 F.3d at 304 ("'[Q]uality control' is not a talisman the mere utterance of which entitles the trademark owner to judgment.'") (quoting *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 78-80 (2d Cir. 1994)).

Judge Cohn's decision in *Brain Pharma* is directly on point. In that case, the defendants purchased and resold plaintiff's trademarked dietary supplements online. *Brain Pharma*, 858 F. Supp. 2d at 1351. The plaintiff alleged in its complaint that such sales were in violation of the Lanham Act (and equivalent Florida statutes) because they were made "without [plaintiff's] authorization." *Id.* Seeking to avoid the first-sale doctrine, the plaintiff further alleged that the dietary supplements sold by defendants were not "genuine" because they were not subject to plaintiff's "quality control" requirements (e.g., they were not inspected "prior to sale"). *Id.* at 1353. The defendant moved to dismiss, asserting that these allegations were conclusory because "[plaintiff] alleges no facts showing how ***Defendants*** fail to distribute the products in accordance with [plaintiff's] quality control standards." *Id.* (emphasis added). The court agreed, finding that the complaint's failure to allege "how ***the products sold by Defendants*** fail to meet [plaintiff's] quality control measures" required dismissal of plaintiff's federal and state trademark claims. *Id.* at 1355 (emphasis added). The facts at hand are indistinguishable from those of *Brain Pharma*, and Plaintiffs' Complaint should likewise be dismissed.

6

Furthermore, while the Complaint describes Plaintiffs' purported quality control and customer service requirements *in general*, Plaintiffs do not allege what quality-control standards, if any, apply to retail *internet sales* like those of Defendants.  Thus, as applied to the type of sales at issue here, Plaintiffs' purported quality control requirements are entirely "pretextual" and, therefore cannot support a claim of trademark infringement. *See Warner-Lambert Co. v. Northside Dev. Corp.*, 86 F.3d 3, 6 (2d Cir. 1996) (to establish a claim for trademark infringement based on failure to follow quality control standards, "[t]he trademark holder must demonstrate only that: (i) *it has established legitimate, substantial, and nonpretextual quality control procedures*, (ii) it abides by these procedures, and (iii) the nonconforming sales will diminish the value of the mark.") (emphasis added).

At the end of the day, Plaintiffs are trying to avoid precisely what the first-sale doctrine is designed to preserve: "an area for competition by limiting the producer's power to control the resale of its product. When a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation under the statute." *Sebastian Int'l, Inc. v. Long Drug Stores Corp.*, 53 F.3d 1073, 1075 (9th Cir. 1995).  The Complaint does not state a claim for federal trademark infringement and Plaintiffs cannot, in good faith, cure this defect.  Count I of the Complaint should be dismissed.

### B. The Complaint Fails to State a Claim for False Advertising or Unfair Competition Origin Under 15 U.S.C. § 1125(a)

Counts II and III of the Complaint attempt to allege false advertising and unfair competition under Section 1125(a) of the Lanham Act.  These claims are based on the same insufficient set of facts discussed above, namely, Defendants' mere resale of genuine products without Plaintiffs' authorization. (*See, e.g.,* Compl. ¶62-66 and 75-78).  They fail for the reasons discussed above.

7

"To prevail on a false designation of origin claim under 15 U.S.C. § 1125(a) a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." *Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1503 (11th Cir. 1985). The first sale doctrine applies with equal force to unfair competition and false designation of origin claims. "This is for the simple reason that consumers ***are not confused as to the origin of the goods***: the origin has not changed as a result of the resale." *Davidoff & CIE, S.A.*, 263 F.3d at 1301 (emphasis added); *NEC Elecs. v. Cal Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) ("[T]rademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.").

As such, Counts II and III of the Complaint should also be dismissed. *Brain Pharma, LLC*, 858 F. Supp. 2d at 1356 (dismissing unfair competition and false designation claims where defendants "were merely reselling Plaintiff's *genuine* products" and "Plaintiff fails to articulate … how the products defendants sold failed to meet these standards") (emphasis in original).

### C.    The Complaint Fails to State a Claim for Dilution Under 15 U.S.C. § 1125(c)

Count IV of Complaint alleges that Defendants' use of the Rainbow Light Marks has resulted in dilution and is actionable under Section 1125(c) of the Lanham Act. Plaintiffs' dilution claim is grossly deficient and fails on its face.

To establish a dilution claim, a plaintiff must provide sufficient evidence that: "(1) it owns a famous mark that is distinctive; (2) the defendant is using a mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring or by tarnishment." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356,

1372 (Fed. Cir. 2012). The Lanham Act defines "dilution by blurring" as an "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark" and "dilution by tarnishment" as an "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(B)-(C).

With respect to the first element—fame—the Complaint offers only conclusory statements, including:

[1] "The Rainbow Light Trademarks are famous, distinctive, and widely recognized marks by the consuming public." (Compl. ¶87);

[2] "Plaintiffs have expended substantial time, money, and resources advertising and promoting Rainbow Light Products with the Rainbow Light Trademarks." (*Id.* at ¶88); and

[3] "As a result of Plaintiffs' long, continuous, and exclusive use of the Rainbow Light Trademarks, the Rainbow Light Trademarks have acquired a secondary meaning associated by consumers and the public." (*Id.* at ¶90).

These boilerplate allegations are insufficient to sustain a claim for dilution. *Brain Pharma*, *LLC*, 858 F. Supp. 2d at 1357 ("Plaintiff's mere allegation that the BPI mark is famous is insufficient to state a trademark dilution claim.").

Furthermore, Plaintiffs do not even attempt to plead the second element of a dilution claim—that the alleged infringer adopted the mark after the mark became famous. There are no allegations as to the date that Defendants began using the Rainbow Light Marks or that this use commenced after the marks became famous. The dilution claim should be dismissed for this reason too.

Moreover, while it is not clear from the Complaint whether Plaintiffs are attempting to state a claim for dilution by blurring or tarnishment, the claim fails either way. "Blurring

9

involves a diminution in the uniqueness or individuality of a mark because of its ***use on unrelated goods***. . . . Tarnishing occurs when a trademark is 'linked to products of ***shoddy quality***, or is portrayed in an unwholesome or unsavory context,' with the result that 'the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods.'" *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 489 (5th Cir. 2004) (emphasis added) (quoting *Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 507 (2d Cir. 1996)).  Here, there is no allegation that Defendants are using the marks-at-issue on unrelated goods; thus, dilution by blurring is inapplicable. And, any claim of tarnishment would likewise fail since Defendants are merely reselling authentic products. *See Scott Fetzer Co.,* 381 F.3d at 490 ("Trademark law does not entitle markholders to control the aftermarket in marked products."); *see also Brain Pharma, LLC*, 858 F. Supp. 2d at 1358 (dismissing dilution claim and noting that "if Plaintiff's dilution claim is premised solely on Defendants' resale of BPI products at discounted prices, the Court doubts whether Plaintiff can ever state a trademark dilution claim.").

### D.     Plaintiffs' State-law Claims Fail for the Same Reasons the Lanham Act Claims Fail

Based on the same set of insufficient allegations—Defendants' resale of goods in channels unauthorized by Plaintiffs—Plaintiffs attempt to allege two state-law claims: Count V for common law trademark infringement, and Count VI for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Fla. Stat. § 501.201, *et seq.*).

Because none of Plaintiffs' federal law claims states a claim on which relief can be granted, it follows that none of Plaintiffs' state-law claims states a claim on which relief can be granted, either. *See Natural Answers, Inc. v. Smithkline Beecham Corp.*, 529 F.3d 1325, 1332–33 (11th Cir. 2008) ("Since [the plaintiff] is unable to bring an unfair competition claim under the

10

Lanham Act under the theory of either false advertising or trademark infringement, it follows that the common law claims based on unfair competition must fail as well."); *Gift of Learning Found., Inc. v. TCG, Inc.*, 329 F.3d 792, 801 (11th Cir. 2003) ("Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim[.]") (citing *Investacorp, Inc. v. Arabian Inv. Banking Corp. E.C.*, 931 F.2d 1519, 1521 (11th Cir. 1991); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001) ("Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition.").

In addition, Plaintiffs' ***do not even have standing to bring a claim under the FDUPTA*** against the Plaintiffs.  The purpose of FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). The courts have reached a consensus that the FDUTPA applies only to "consumers." *Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*, No. 13-20803-CIV-MORENO, 2013 U.S. Dist. LEXIS 59558, at *3-4 (S.D. Fla. April 25, 2013) ("Although FDUTPA may extend to protect business entities by such violative practices, 'it has no application to entities complaining of tortious conduct which is not the result of ***a consumer transaction.***'") (citation omitted).

Here, Plaintiffs do not (and cannot) allege that they are "consumers" under the FDUTPA. Therefore, they lack standing to bring such a claim.  *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-33HTS, 2008 U.S. Dist. LEXIS 60759, at *23 (M.D. Fla. July 31, 2008) ("Only consumers may bring private suit under FDUTPA"). Count VI of the Complaint should be dismissed for this reason as well. *See Leon v. Tapas & Tintos, Inc.,* 51 F. Supp. 3d 1290, 1296-97

11

(S.D. Fla. 2014) (dismissing with prejudice FDUPTA claim where plaintiff "cannot be said to be a 'consumer' . . . in any consumer transaction").

### E. Plaintiffs' Tortious Interference Claim Is Conclusory and Should Be Dismissed

Count VII of the Complaint attempts to allege tortious interference with contract and business relations. To prevail on a tortious interference claim, a plaintiff must show: (1) the existence of a business relationship; (2) the defendant had knowledge of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) the plaintiff suffered damage as a result. *See Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1473 (11th Cir. 1989).

With respect to the first element, "the plaintiff must prove a business relationship with identifiable customers." *Ferguson Transp., Inc. v. North American Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996); *see also Int'l Sales & Serv. v. Austral Insulated Prods.*, 262 F.3d 1152, 1155-56 (11th Cir. 2001). The Complaint fails to meet this first requirement—it does not identify a ***specific business relationship*** in which Defendants have allegedly interfered. Rather, the Complaint vaguely references "agreements with Authorized Resellers" and "agreements with its distributors." (Compl. ¶¶ 125-126). This claim should be dismissed for this reason alone. *SkyVenture Orlando, LLC*, 2009 U.S. Dist. LEXIS 77212, at *21 (dismissing claim of tortious interference where complaint merely "state[d] that Defendants 'interfered' with vendors, but . . . fails to specify the vendor or the method of interference"); *Sarkis v. Pafford Oil Co.*, 697 So. 2d 524, 526 (Fla. 1st DCA 1997) (affirming dismissal of an amended complaint in which the plaintiff failed to identify "the customers who were the subject of the alleged interference.").

With regard to the second element, the Complaint states only that:

Defendants knew that Wellnext's agreements with its Authorized Resellers

> prohibit Wellnext's Authorized Resellers from selling Rainbow Light Products to third parties, such as Defendants, for purposes of resale, and knew that Wellnext's agreements with its distributors prohibit distributors from selling Rainbow Light Products to third parties who are not Authorized Resellers.

(Compl. ¶127).  Plaintiffs do not explain how Defendants supposedly knew of such agreements or the alleged prohibitions.  In fact, this allegation amounts to nothing more than "a formulaic recitation of the elements of [the] cause of action[, which] will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

With respect to the third element, under Florida law, intentional interference requires both the intent to damage the business relationship and a lack of justification for doing so. *See Smith v. Emery Air Freight Corp.*, 512 So. 2d 229, 230 (Fla. 3d DCA 1987).  Here again, the Complaint offers only conclusory allegations: "Defendants willfully and knowingly interfered with the agreements between Wellnext and its Authorized Resellers and distributors by acquiring Rainbow Light Products and reselling them on the Internet in violation of those agreements." (Compl. ¶128).  There is no mention of intent on the part of the Defendants to damage any business relationship. To the contrary, as Plaintiffs concede, its distributors willingly sold the Rainbow Light Products to Defendants. In fact, both Plaintiffs and its distributors actually *profited* from Defendants' purchases of the Rainbow Light Products. For this reason, courts have found that, even if proven, interference in a distribution scheme is not actionable under tort law. *See H.L. Hayden Co. of New York*, 879 F.2d 1005, 1024 (2d Cir. 1989) (alleged interference in Authorized Dealership Agreement between manufacturer and dealer, based on inducing dealers to sell products in violation of Agreement, could not support a tortious interference claim since manufacturer profited from sales).

With respect to the last element, Florida law requires *actual harm* to a business relationship, as opposed to merely a suspicion or unsupported and speculative supposition of

668566.2

harm. *Realauction.com, LLC v. Grant St. Grp., Inc.*, 82 So. 3d 1056, 1058 (Fla. DCA 2011). Plaintiffs' tortious interference claim states only that "Defendants' actions have caused injury to Plaintiffs … ." (Compl. ¶130). This conclusory statement is insufficient to avoid dismissal. *See Gwynn v. Rabco Leasing, Inc.*, No. 8:09-cv-2093-T-23TGW, 2010 U.S. Dist. LEXIS 149749, at *8 (M.D. Fla. Jan. 21, 2010) (dismissing claim of tortious interference where "plaintiff alleges no identifiable business relationship that suffered as a result of the defendants' alleged interference").

### F.     The Complaint Fails to State a Claim Against Mr. Figa

Irrespective of the issues above, all claims against Mr. Figa must be dismissed. Corporate officers, such as Mr. Figa, may only be held personally liable for trademark infringement and other business torts under limited circumstances, none of which has been pled here.

To establish individual liability for an officer of a corporation, a plaintiff must allege sufficient facts to, either, (1) justify "piercing the corporate veil"; or (2) establish that the corporate officer "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elecs. v. Dynascan Corp.,* 828 F. Supp. 944, 960 (S.D. Fla. 1993), aff'd, 38 F.3d 1161 (11th Cir. 1994); *see also Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1478 n.8 (11th Cir. 1991) ("The individual liability standard does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether he actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur.").

Mr. Figa is simply lumped together with the corporate defendant in the definition of "Defendants." Each and every one of Plaintiffs' federal and state law claims (Counts I through VII)

14

is silent as to any actions purportedly taken by Mr. Figa.  All claims against Mr. Figa should therefore be dismissed.

### G.     Plaintiffs' "Shotgun Pleadings" Are Impermissible

The Federal Rules of Civil Procedure require that complaints: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b). Complaints that violate these Rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Impermissible "shotgun pleading" is found in "a complaint containing multiple counts where each count adopts the allegation[s] of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312-Oc-37PRL, 2017 U.S. Dist. LEXIS 164482, at *2-3 (M.D. Fla. Oct. 3, 2017).  The U.S. Court of Appeals for the Eleventh Circuit has warned that "shotgun pleadings" should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996).

Plaintiffs' Complaint is a classic example of an impermissible "shotgun pleading" because each Count simply adopts the allegations of the previous Counts.  (*See* Compl. ¶¶45, 58, 71, 83, 100, 114, 124).  It should be dismissed for this reason too.

## V.    CONCLUSION

The Complaint merely alleges that Defendants have without authorization sold Rainbow Light Products. But the unauthorized sale of a trademarked article does not, without more, constitute

15

a violation of the Lanham Act or Florida Law. The complaint should be dismissed.

Dated: December 14, 2017                          Respectfully submitted,

                                                  By:  /s/ Gary T. Stiphany
                                                  Gary T. Stiphany (Fla. Bar # 342513)
                                                  STIPHANY LAW
                                                  80 S.W. 8th Street, Suite 3100
                                                  Miami, FL  33130
                                                  Tel. (305) 536-8882
                                                  Fax. (305) 579-4722
                                                  Gary@StiphanyLaw.com


                                                  Anthony F. Lo Cicero (*Admitted Pro Hac Vice*)
                                                  Mark Berkowitz (*Admitted Pro Hac Vice*)
                                                  AMSTER ROTHSTEIN & EBENSTEIN LLP
                                                  90 Park Avenue
                                                  New York, NY 10016
                                                  (212) 336-8000
                                                  alocicero@arelaw.com
                                                  mberkowitz@arelaw.com

                                                  *Counsel for Defendants, OVM LLC and YAKOV MEYER FIGA*

16

668566.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing motion and supporting declaration was filed electronically through the Court's CM/ECF System this 14th day of December, 2017.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

<u>/s/ Gary T. Stiphany</u>
Gary T. Stiphany

17

668566.2